**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 25-24987-CIV-LENARD/ELFENBEIN

**GRACE BARCI,**

Plaintiff,

V.

**TOURNEAU, LLC,**

Defendant.
______________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**ARGUMENT**

**I. Plaintiff's Federal Claims Are Timely Because the 90-Day Period Did Not Begin Until July 16, 2025—the First Date Plaintiff or Her Counsel Ever Received the EEOC Notice**

Defendant's Motion rests entirely on the incorrect premise that the EEOC's Determination and Notice of Rights ("Notice") was emailed to Plaintiff's counsel on March 11, 2025. See Defendant's Exhibit A to the Motion. However, the factual record refutes this assertion. Plaintiff never received the Notice on March 11, 2025, or at any time remotely near that date. The first and only date the Notice was actually received was July 16, 2025, when the EEOC emailed Plaintiff's counsel to provide the Notice and specifically advised that the original Notice had never been delivered due to a technical issue. (Exhibits A & B).

Because the 90-day filing period under Title VII, ADA, and ADEA begins upon actual receipt of the Notice, not upon the EEOC's internal issuance date, Plaintiff's Complaint—filed October 3, 2025—was filed within 90 days of July 16, 2025, and is therefore timely. Defendant's Motion must be denied.

## II. Plaintiff and Her Counsel Never Received Any Email from the EEOC on March 11, 2025

Defendant argues that the Notice "was emailed to Plaintiff's counsel's office, at legal@anlawfirm.com," on March 11, 2025. (Mot. at 8; Defendant Ex. A) .

This assertion is incorrect as a matter of fact: A search of Plaintiff's counsel's email system confirms that no email from the EEOC was ever received on March 11, 2025, containing a determination, Notice of Rights, or any related communication. The EEOC itself confirmed that the March 11 Notice was never delivered due to a technical transmission issue. (PLA Ex. B). The EEOC's first successful delivery occurred on July 16, 2025, when Investigator Marilyn Cadavid forwarded the Notice and expressly advised counsel of the issue. (PLA Ex. A).

Because neither Plaintiff nor counsel received any March 11 email, the 90-day filing period could not have begun on that date.

## III. Defendant Relies on an Incorrect Email Address That Has Never Been Used by Plaintiff's Counsel

Plaintiff's counsel does not use legal@anlawfirm.com for EEOC correspondence. All EEOC notices are sent to and received at an@anlawfirm.com, the correct attorney email address. See PLA Ex. A and B, showing that an@anlawfirm.com is always copied on filings.

Further telling is that the Plaintiff herself was not copied on the March 11 Notice, plus the mailing address used for Plaintiff's counsel is incorrect, it's an address never used for any reason whatsoever in counsel's entire life, further raising the presumption of faulty service. (Defendant's own Exhibit A). As such, the EEOC March 11 Notice was never delivered to the correct attorney email address, and there is no record of delivery to any email or physical address associated with counsel or Plaintiff herself.

Under Eleventh Circuit precedent, notice to counsel means notice to the client, but only when notice is actually delivered to counsel or counsel's proper agent. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). Where the Notice is never delivered—as here—the 90-day period does not begin.

**IV. The EEOC Confirmed that the Notice Was Not Delivered Until July 16, 2025—This Controls the 90-Day Deadline**

The Notice failed to transmit on March 11, 2025. The EEOC re-sent the Notice on July 16, 2025, which is when Plaintiff's counsel received it for the first time. PLA Exhibit B— the EEOC's follow-up email—confirms this in an email from the EEOC to the Plaintiff's counsel.

Courts within and outside the Eleventh Circuit consistently hold that: The 90-day period begins upon actual receipt of the Notice, not the date printed on the Notice, and not the date the EEOC intended to deliver it. When an email notification is not received, the 90-day window cannot begin. Delivery to an incorrect email address is not receipt. See, e.g., *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340–41 (11th Cir. 1999) (deadline begins only when notice is actually received); *Irwin*, 498 U.S. at 92 (notice must be actually delivered to counsel or office representative).

Defendant cites cases addressing situations where an EEOC email was received but later ignored—not cases where the EEOC misaddressed or failed to deliver the email entirely, as occurred here. Thus, the controlling receipt date is July 16, 2025, making the Complaint—filed 79 days later—timely.

The Eleventh Circuit holds that the 90-day filing period for a Title VII claim begins upon receipt of the right-to-sue letter, but a plaintiff must assume only minimal responsibility to ensure delivery, such as keeping the EEOC informed of a reliable address or taking reasonable steps to

check for mail. When the plaintiff has met this minimal burden, but the failure of delivery is due to the EEOC's own lapse, the 90-day period does not begin. Courts apply this determination case by case to prevent unfair or open-ended limitations and consequences. Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522 (11th Cir. 1991). As such, Plaintiff has met this requirement, as they kept up to date on their emails and filed once notice was actually received.

**V. Defendant's Motion Relies on an Unsupported and Incorrect Presumption of Delivery**

Defendant urges the Court to presume that counsel received the Notice because the EEOC's system reflects that an email was *sent,* but there is no legal presumption of delivery for emails, especially where the recipient never received the message, and the EEOC explicitly confirmed that the message failed to deliver.

Presuming delivery in the face of affirmative evidence of nondelivery would contradict Eleventh Circuit precedent instructing courts to conduct a "case-by-case" analysis to determine actual receipt. *Zillyette*, 179 F.3d at 1340–41.

Where, as here, Plaintiff submits evidence that: Counsel's email system never received the message, the EEOC admits a technical failure, and the email was sent to an incorrect and unused address, there is no legal or factual basis for presuming receipt.

**VI. Because the Complaint Was Filed Within 90 Days of Actual Receipt, the Motion to Dismiss Must Be Denied**

Plaintiff received the Notice on July 16, 2025, and filed suit on October 3, 2025—just 79 days later. That is timely under: Title VII (42 U.S.C. § 2000e-5(f)(1)); ADA; ADEA; and Eleventh Circuit precedent. Defendant's argument rests on a nonexistent email and on an incorrect email address. The law requires actual receipt, not theoretical or presumed receipt

based on inaccurate EEOC metadata. Accordingly, Defendant's Motion to Dismiss must be denied in its entirety.

Dated: December 2, 2025

Respectfully submitted,

/s/ Alberto Naranjo
Alberto Naranjo
Florida Bar No. 92923
an@anlawfirm.com
7900 Oak Lane #400
Miami Lakes, FL 33016
(305) 942-8070
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on December 2, 2025. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsels or parties who are not authorized to receive electronic Notices of Electronic Filings.

/s/ Alberto Naranjo
Alberto Naranjo
Florida Bar No. 92923
an@anlawfirm.com
7900 Oak Lane #400
Miami Lakes, FL 33016
(305) 942-8070
*Attorney for Plaintiff*